## PHILLIPS v SHARP

Ohio Appeals, 6th Dist, Lucas Co

No 2590.   Decided April 4, 1932

Rhoades & Rhoades, Toledo, for plaintiff in error.

Eldon H. Young, Toledo, for defendant in error.

WILLIAMS, J.

The first contention is that the court erred in refusing to require the plaintiff to

elect whether he desired to go to the jury upon an express or an implied warranty.

The plaintiff in his petition alleges "that at the time said defendant orally expressly warranted said seed so sold to plaintiff to be true Danish Ball Head cabbage seed and further impliedly warranted same to be true Danish Ball Head Cabbage Seed." This is the only allegation of warranty in the petition. The plaintiff testified that he purchased imported Danish Ball Head seed and that the defendant said that he would guarantee that the seed sold "was Danish Ball Head seed." Defendant denied that he had so guaranteed the seed. The defendant testified that he did sell to the plaintiff Danish Ball Head cabbage seed and that the seed was furnished in a paper bag which, at the time of the sale was stamped "Cabbage, Holland or Danish Ball Head," and that there was the following printed matter upon the paper bag:

"While we exercise the greatest care to have all seeds pure and reliable, we sell no seeds, with warranty, express or implied, in any respect, and will not be in any way responsible for the kraut. If the purchaser does not accept these seeds on these terms, they must be returned at once."

The plaintiff admitted there was printing upon the bag and that he read part of it.

When the buyer bought and the seller sold Danish Ball Head cabbage seed under that agreement, it constituted a sale by description and according to nearly all the authorities there was a warranty by the seller that the article sold was true to name, but whether the warranty was express or implied, the authorities are not in accord and in a few cases it is held that such an agreement involves a condition in the nature of an implied warranty. There is a wealth of authority upon the subject and an almost hopeless conflict. The authorities have been collected in annotations found in 16 A. L. R., 859, 32 A. L. R., 1241 and 62 A. L. R., 451. The question, however, is not an open one in Ohio, for §8394, GC, provides as follows:

"When there is a contract of sale or a sale of goods by description, there is an implied warranty that the goods shall correspond with the description * * *."

There was, therefore, evidence tending to prove both an express and an implied warranty.

It is true that where there is an express warranty, a warranty can not be implied which is inconsistent therewith. The plaintiff below merely endeavored to stand on two legs. If he could prove an express warranty and sustain his right to recover thereunder, whether there was an implied warranty was not material, but if he failed to establish his right to recover on the express warranty, then he relied on an implied warranty. He had a right to make this claim and have his case presented to the jury upon both theories under the instructions of the court that if the jury failed to find that he could recover under the claim of an express warranty, then he had a right to have the jury determine whether he could recover under an implied warranty. The trial court did not err in refusing to require plaintiff to elect.

The second contention of plaintiff in error is that the court erred in its charge to the jury:

"You are, of course, the sole judges of the credibility of the witnesses. **It is not necessary for you to believe what the witness has said merely because the statement has been made. You may believe all or part or none of what any witness has said just as you feel that witness is entitled to credit.** You may take into account the appearance of the witness on the stand, the statements made by the witness, his demeanor while testifying, his interest in the case or his interest in any person who might have an interest in the case; you may take into account all these matters **and anything else that may have occurred before you during the course of the trial** which will aid you in determining the credibility of the witness."

We are not prepared to say that the court committed prejudicial error in giving this charge. It might be dangerous for the court to tell the jury that they could consider "anything else" that may have occurred before them during the course of the trial where it appeared from the record that something had transpired of a prejudicial character. In the instant case prejudice is not disclosed by an inspection of the record.

The other part criticised is the portion in which the court told the jury that it is not necessary for them to believe what the witness said merely because the statement was made and that the jury might believe all or part or none of what any witness had said just as they felt that the witness was entitled to credit. In our judgment this portion of the charge is not subject to criticism but correctly states the law. We think the vice in the portion of the charge criticised in **Fox v Jewell, 91 Oh St, 409,** is not present in the charge in the instant case. The

court committed no prejudicial error in charging as above quoted.

The third contention of plaintiff in error is that the court refused to charge upon the duty of the plaintiff below to minimize damages. The record shows that counsel for defendant below requested the court to charge that it was the duty of the plaintiff to use all reasonable effort to obtain the maximum for the crop, if the jury found that the plaintiff did not produce Danish Ball Head cabbage. The court refused to do so, and exceptions were noted. In our judgment the proper measure of damages in this case is the difference between the fair market value of the crop he did raise at the place where it was raised and at the time it was ready for market and what the fair market value of the crop at the same time and place would have been had the seed been Danish Ball Head cabbage seed and the crop planted, raised and cared for in the same manner and under the same conditions. The court gave the rule in substantially this form, except that he omitted to refer to the elements of time and place. The court did not charge upon special damages, nor was a charge on that subject requested. It is a well-recognized rule that it is the duty of the plaintiff to minimize his damage where that can be done, but under the rule given the amount of recovery did not depend at all upon whether he sold the cabbage raised or not, and therefore the court was right in not charging with respect to the minimizing of damages as requested. The plaintiff might have used the cabbage for fertilizer or hog feed and his measure of damages would have been the same.

The fourth contention of plaintiff in error is that the verdict is manifestly against the weight of the evidence. The jury returned a verdict for $1177.00, as before stated, and we think this verdict is grossly excessive. 1930 was a very bad year for the cabbage crop in the vicinity where the seeds were planted. Weather conditions were adverse and little good cabbage was produced. It was dry and hot. The cabbage did not root well and heads were not perfect. While defendant adduced evidence tending to show that the crop produced was Danish Ball Head cabbage, other evidence was offered tending to show that it was Flat Dutch. It is fairly inferable from all the evidence that Flat Dutch cabbage was bringing as much per ton in the market as Danish Ball Head. The verdict is manifestly against the weight of the evidence as to amount.

The fifth question made by plaintiff in error is that a verdict should have been directed for the defendant by the trial court.

We can not agree with this contention. The record shows evidence was offered tending to prove all the requisite elements to plaintiff's right to recover and clearly the case is one which should have been submitted to the jury.

The plaintiff claims that there was an express warranty in that the defendant guaranteed the seeds to be Danish Ball Head. If the jury found that there was such an express warranty and that all the elements existed giving him a right to recover on that warranty, then the fact that a custom existed not to warrant, could not avail as against such express warranty, nor under such circumstances could any warranty be implied from the printed matter on the sack quoted above, which is sometimes referred to as a non-warranty or disclaimer clause. The trial court in some portions of the charge ignored this principle.

For the reason that the verdict and judgment are manifestly against the weight of the evidence as to amount, the judgment will be reversed and the cause remanded for a new trial.

LLOYD and RICHARDS, JJ, concur.