## LATHAM v RANSOME CONCRETE MACHINERY CO

Ohio Appeals, 2nd Dist, Franklin Co

No 2180.  Decided Oct 18, 1932

Wilson & Rector, Columbus, for plaintiff in error.

Gumble & Gumble, Columbus, for defendant in error.

BY THE COURT

A motion was made by defendant in error to dismiss the petition in error for the reason that the judgment complained of was not a final order.

This court upon a former hearing overruled the motion to dismiss the petition in error. (See 13 Abs 63) It will not be necessary for us to now discuss whether that ruling was correct or incorrect, but we then based our finding largely upon the entry in the lower court to the effect that the defendant in error did not desire to plead further or to amend his cross-petition and that the defendant did not desire to prosecute his cross-petition further because of the order of the court in striking therefrom.

This proceeding in error seeks to reverse the judgment of the Common Pleas Court in sustaining the motion of defendant in error to strike out the various branches of the cross-petition.

The contract between the parties as above stated was incorporated in the cross-petition.

The pertinent section of the contract is as follows:

"QUALITY: The Company will repair or furnish without charge, f.o.b. works where made, a similar part to replace any material which, within six months after shipment, is proved to have been defective at the time it was shipped, provided the purchaser gives the Company immediate written notice of such defects, and no allowance will be made for repairs or alterations unless made by the Company's written consent. There shall be no other liability on the part of the Company to the purchaser because of defects claimed, either for delay, loss of profits, expense, or other loss, damage or injury to the purchaser, it being expressly understood that the Company's liability is limited solely to the replacement or repair of defective parts as herein provided."

We have examined with care the briefs

of counsel; the portions of the answer and cross-petition so stricken out and the contract between the parties. Without entering into an extended discussion, this examination leads us to the conclusion that the rights of the parties must be determined by the terms of the contract entered into between the parties.

This is not a case wherein the plaintiff in error claims to have relied upon the skill or judgment of the defendant in error, nor is it a case in which the plaintiff in error claims that he did not have an opportunity to inspect the machine in question.

The contract entered into between the said parties clearly provides that the defendant in error shall be liable only for the replacement or repair of defective parts; that there will be no other liability and that the contract expresses the entire agreement between the parties.

Counsel for plaintiff in error refer to different subdivisions of §8395, GC.

We can not escape the conclusion but that the language of the contract in question expressly provides that there shall be no other liability, and therefore negatives the provisions of the statutes in question.

Upon a thorough examination of the case we can not escape the conclusion but that the judgment of the lower court was correct and should be affirmed.

ALLREAD, PJ, HORNBECK and KUNKLE, JJ, concur.