FEDERAL INS. CO., APPELLANT, *v.* THE INTERNATIONAL HARVESTER CO., APPELLEE.

(No. 22382—Decided February 25, 1952.)

*Mr. T. Edward McNamara* and *Mr. Robert J. Gemperline,* for appellant.

*Messrs. Squire, Sanders & Dempsey,* for appellee.

THOMPSON, J. This case comes to this court on appeal on a question of law by plaintiff, appellant, as the result of the action of the trial court in sustaining a demurrer to plaintiff's amended petition and, upon failure of plaintiff to plead further, entering judg-

ment in favor of defendant, appellee. No opinion having been rendered by the trial court, and there being no Ohio case directly in point, the reasons for this court's decision will be briefly stated.

The facts in the amended petition disclose that in April 1944, the defendant sold to one Downing two of its trucks insured by plaintiff against loss by fire. Both of these trucks were destroyed by fire the following month. Subsequently, plaintiff paid the insured for the loss and thereby became subrogated to any claims of its insured against defendant. The trucks were originally sold to Downing under a written warranty, a part of which is set forth in the amended petition as follows:

"The International Harvester Company warrants each new International Motor Truck to be free from defect in material and workmanship under normal use and service, its obligation under this warranty being limited to making good at its factory any part or parts thereof which shall be returned to it with transportation charges prepaid, and which its examination shall disclose to its satisfaction to have been thus defective, provided that such part or parts shall be so returned to it not later than ninety (90) days after delivery of such vehicle to the original purchaser, and that at the time of such return, the said vehicle shall not have been operated in excess of five thousand (5,000) miles."

The amended petition alleges further that there was a defect in workmanship in that the cables selected by defendant for the purpose of connecting the storage batteries with the ignition device were too short or that there was a defect in the manner and method by which the cables were attached to the batteries and starting devices causing the insulation on the battery cables to wear, resulting in a short circuit which in turn ignited gasoline and caused the fire which destroyed the motor vehicles. The amended petition

recites further that plaintiff did not have sufficient knowledge to set forth with certainty the exact nature of the defect or defects but asserts that defendant had full knowledge thereof. The amended petition alleges further that, by reason of the facts set forth, the defendant breached its warranty and that as a result of the defective workmanship and the breach of warranty, the trucks sold to Downing were lost by fire. The amended petition alleges further that because of the nature of the loss it has been impossible to comply with the condition in the warranty regarding the return of defective parts and that defendant by its conduct waived compliance with said condition and that both vehicles had been operated less than 5,000 miles. The amended petition states further that prior to the fire, each of the two vehicles had a reasonable value of $6,000, that their total salvage value after the fire was $2,500, that plaintiff had paid the loss in the amount of $9,500 to the insured Downing, and that by reason thereof plaintiff had become subrogated to all rights that the latter had against the defendant. The amended petition therefore prays judgment against the defendant in the sum of $9,500 with interest and costs.

The defendant, the International Harvester Company, filed a demurrer to the amended petition "for the reason that said amended petition does not state facts which show a cause of action against the defendant."

The trial court sustained the demurrer and upon failure of plaintiff to plead further, final judgment was rendered for defendant. The case is therefore before this court on the single assignment of error, that the trial court erred in holding that plaintiff's amended petition fails to state a cause of action.

Examination of the warranty set out in the amended petition discloses the nature of the original contract

between the defendant and Downing, and the rights of Downing to which plaintiff became subrogated by payment of the loss.

In the brief on behalf of plaintiff the familiar rule is cited, applicable to insurance contracts, and appearing in *Farmers National Bank* v. *Delaware Ins. Co.*, 83 Ohio St., 309, 94 N. E., 834, that a printed condition of doubtful meaning susceptible of two or more constructions will be construed most favorably to those dealing with the party employing the doubtful or ambiguous language. In this case, however, we do not find that the language of the express warranty is ambiguous or susceptible of two meanings. In line with our finding that no such ambiguity is present in this instance, we must recognize that parties to a contract of sale may generally provide for a limitation of the rights of the buyer in case of breach of a stipulated warranty.

In the instant case, it will be noted that the breach alleged in the petition is that of an express warranty. No warranty can be implied which is inconsistent with an express warranty. 35 Ohio Jurisprudence, 870, Sales, Section 142. In *Phillips* v. *Sharp,* 44 Ohio App., 311, 185 N. E., 562, it was held that, where there is an express warranty, a warranty cannot be implied which is inconsistent therewith. This latter case is cited in an exhaustive note discussing circumstances in which an express warranty excludes an implied warranty of fitness in 164 A. L. R., 1321 at 1327.

This is also the purport of the Uniform Sales Act, adopted by Ohio, notably Subdivision (6) of Section 8395, General Code, providing as follows:

"An express warranty or condition does not negative a warranty or condition implied under this chapter unless inconsistent therewith."

Counsel in briefs and argument have set out in more complete detail the exact language of the express war-

ranty in this case, but in considering the sufficiency of the demurrer, we are not able to look beyond that portion of the warranty contained in the amended petition which we have quoted. Enough of the warranty was set forth in the amended petition to reveal that the company's contract was "limited to making good at its factory any part or parts thereof which shall be returned to it with transportation charges prepaid, and which its examination shall disclose to its satisfaction to have been thus defective."

Has breach of this warranty been pleaded by the allegation of the amended petition that plaintiff "duly performed all conditions on its part to be performed; that because of the nature of the loss it was impossible for plaintiff to comply with the condition in said warranty regarding the return of defective parts, and that defendant by its conduct waived compliance of said condition"? It is to be noted that the paragraph quoted from the amended petition does not set forth facts and circumstances, nor does any other paragraph set forth facts and circumstances, constituting a waiver of the condition. It sets forth merely the legal conclusion that the condition was waived. We are required to observe, nonetheless, that allegations constituting legal conclusions cannot be treated as admitted by defendant's demurrer. *Tolliver* v. *City of Newark,* 145 Ohio St., 517, 62 N. E. (2d), 357, 161 A. L. R., 1391; *Morrow* v. *City of Cleveland,* 73 Ohio App., 460, 56 N. E. (2d), 333; 31 Ohio Jurisprudence, 661, "Pleading," Section 103. Under the authorities referred to, we believe it clear that the amended petition fails to set forth facts and circumstances constituting a waiver of the conditions of the warranty. It is equally clear that nowhere in the amended petition is it asserted that defendant refused to replace defective parts returned to it. Furthermore, it is significant that the prayer for relief is not for damages

for breach of warranty, but for damages resulting from the destruction of the motor vehicles by fire.

In *Latham* v. *Ransome Concrete Machinery Co.,* 13 Ohio Law Abs., 65, a concrete mixer was sold under a warranty limiting the seller to "repair or furnish without charge, f. o. b. works where made, a similar part to replace any material which, within six months after shipment, is proved to have been defective at the time it was shipped" and providing that the company's liability was limited solely to the replacement or repair of defective parts. The Court of Appeals for the Second Appellate District held that the rights of the parties were to be determined by the terms of the contract entered into between them. Upon this point the court declared:

"The contract entered into between the said parties clearly provides that the defendant in error shall be liable only for the replacement or repair of defective parts; that there will be no other liability and that the contract expresses the entire agreement between the parties.

"Counsel for plaintiff in error refer to different subdivisions of Section 8395, General Code.

"We can not escape the conclusion but that the language of the contract in question expressly provides that there shall be no other liability, and therefore negatives the provisions of the statutes in question."

So far as we can determine, two Kentucky cases, and no others, have passed upon the precise warranty before the court in this case. These cases are *James* v. *International Harvester Co.* (1943), 294 Ky., 722, 172 S. W. (2d), 670, and *Black Motor Co.* v. *Foure* (1936), 266 Ky., 431, 99 S. W. (2d), 177. In the *James case,* the International Harvester Company brought suit to recover the balance due on a truck which it had sold under a warranty identical with the warranty in the instant case. The truck had been destroyed by fire

and the purchaser cross-petitioned for damages for loss of use of the truck. The Court of Appeals of Kentucky affirmed the judgment of the lower court in favor of the International Harvester Company in language which commends itself to us in the present case. The court declared:

" 'It is obvious that the seller and purchaser of any article may make a definite contract limiting the liability of each under the contract, and it will be noted that under the warranty in question the seller went no further than to agree to make good at its factory all defective parts of the truck which might be returned to the factory within three months from the time of the sale, provided that at that time the truck had not been run exceeding 5,000 miles.

" 'There was no charge or proof to the effect that at any time the plaintiff was given any opportunity to remedy any defects of material or workmanship in the truck as required by the contract. The parties to this litigation made a contract which they had the right to do, and no court is authorized to alter or change the terms of the contract. Now it may be possible that, even under the contract in question, if the truck was absolutely worthless for the purposes for which it was sold, the purchaser had the right within a reasonable time after the discovery of the condition of the truck to offer to rescind the contract and to return the truck. This they did not do. They kept the truck and used it from August 1938 until it was practically destroyed by fire, some six months, and during which time they testify that they discovered the claimed worthless condition of the truck. They had the right to offer to rescind the contract or to rely upon the warranty. They did not offer to rescind nor did they undertake to have plaintiff to comply with its warranty by returning the defective parts for repair or replacement. Under the state of facts, as shown by the record, I am

clearly of the opinion that the plaintiff is entitled to recover.' ''

We do not find that the case of *American Locomotive Co.* v. *National Wholesale Grocery Co.*, 226 Mass., 314, 115 N. E., 404, L. R. A., 1917D, 1125, cited by plaintiff appellant, is persuasive, since the terms of the warranty involved in that case were materially different from the terms of the warranty involved in the instant case. We are constrained to hold that under the contract here in question, which the parties were entitled to make, the trial court properly sustained the demurrer.

The judgment appealed from is affirmed.

*Judgment affirmed.*

SKEEL, P. J., and HURD, J., concur.