DAN ET AL., D. B. A. DAN & SONS, APPELLEES, *v.*
TESTA BROTHERS, INC., APPELLANT.

(No. 141—Decided May 23, 1952.)

*Mr. Fred F. Fox* and *Mr. John R. Allen,* for appellee.

*Mr. L. C. Young* and *Messrs. Hertz & Kates,* for appellant.

*Per Curiam.* The parties to this appeal entered into agreements in writing by the terms of one of which plaintiff agreed to sell to defendant all merchantable coal owned and mined by it in Noble county between July 17, 1948, and July 16, 1949, for $2.45 a ton, less an allowance of 3 per cent for slate; and by the terms of the other of which defendant agreed to haul coal for plaintiff at a stipulated rate per ton.

Plaintiff sued defendant in the Court of Common Pleas to recover an amount allegedly due it from defendant for coal sold and delivered to defendant, less an amount due defendant for hauling coal pursuant to the second agreement between the parties, to which reference has been made.

In that action defendant admitted the purchase and delivery of and nonpayment for such coal, and that plaintiff was entitled therefor to the amount alleged in the petition. However, by amended cross-petition defendant alleged that plaintiff breached the parties' contract by selling 23,640.60 tons of its coal mined in Noble county to others than defendant, to defendant's damage by reason of lost profits in the sum of $15,

366.39, being the difference of 65 cents a ton between the contract price and the reasonable market value of the coal; and claimed amounts due it for hauling coal and other items, credited plaintiff for the amount admittedly due plaintiff, and prayed judgment against plaintiff for $9,237.12.

By reply to defendant's answer and cross-petition, plaintiff alleged that defendant breached the contract by refusing to accept and pay for coal which by the terms of the contract defendant should have accepted and paid for, which defendant denied.

The jury returned a verdict for plaintiff on its petition in the amount of $6,129.27, concerning which defendant, appellant herein, makes no complaint in this appeal. The jury returned a verdict against defendant on its cross-petition, which gives rise to the complaints made by defendant in this appeal. The trial judge rendered judgment accordingly, and from that judgment defendant appealed to this court on questions of law.

Defendant contends that the trial judge erred to its prejudice in refusing to charge the jury in writing before argument pursuant to the following request submitted by it:

"3. If you find by the preponderance of the evidence that at a time when Testa Brothers, Inc., had merely rejected coal which they found to be not merchantable and marketable, Dan & Sons sold to others coal which was merchantable and marketable, then as a matter of law, Testa Brothers, Inc., are entitled to a verdict in their favor and against Dan & Sons on their counter-claim."

Defendant contends that the request as submitted by it "stated the law pertinent and applicable to the issues between the parties and the omission so to charge constituted error prejudicial to this defendant."

With further reference to this request to charge before argument, defendant contends:

"The issues before the jury included the question whether the defendant had rejected coal which was merchantable and by so rejecting it, had relieved the plaintiff of its obligation to sell all its coal to the defendant. If the jury found that the defendant had unreasonably or improperly rejected coal which it should have accepted, the jury would be under duty to find that the plaintiff was excused from further performance. If on the other hand, the jury found that the defendant had rejected coal merely because it was not merchantable, then such rejection would not excuse the seller from performance."

Defendant contends further that the trial judge erred to its prejudice in charging the jury generally "that defendant to recover on its counter-claim must prove, in addition to that which is required by law, that at the time and place involved the defendants 'had an available market for the coal sold by plaintiffs to other customers' "; that "whether the buyer had an available market is entirely irrelevant"; and by such charge "the court placed upon the claimant (defendant) an erroneously excessive burden of proof," and "required him to prove something which the law does not require."

In support of its contention, defendant cites *Phillips* v. *Sharp,* 44 Ohio App., 311, 185 N. E., 562.

Arguing against defendant's contention that the trial judge erred to its prejudice in refusing to charge the jury in writing before argument on the proposition of law submitted by defendant, plaintiff contends that such request as submitted was ambiguous and an incomplete statement of the law; that the law as charged in the special request to charge before argument was covered in the general charge of the trial judge; and that when charged in the general charge

the trial judge committed no error in refusing to charge defendant's special request even though it contained a correct statement of the law.

Plaintiff contends that defendant failed to carry the burden of proof imposed upon it of showing "that they could sell all the coal of the grade and in the quantities being offered by plaintiffs—at a profit of 65c per ton—"; and that the trial judge was "bound to charge the jury with regard to this allegation."

Continuing, plaintiff argues further that "the damages to *plaintiffs* [evidently meaning defendant] should be minimized where this can be done—in other words—where there is other property of the same kind in the market which can be purchased, it is the duty of the party who claims that his contract has been broken to go into the market and purchase the property. If he has to pay more than he agreed to pay the other party, then he can recover the difference between the amount he has to pay and the contract price."

Finally, plaintiff argues "that similar coal could be purchased at this time for $1.85 to $3.10. We might ask ourselves why, if there was this available market didn't appellant go into it and purchase coal if it was damaged by appellees nondelivery? Obviously if appellant did not have a market for coal, there would be no point in running the risk of purchasing coal which possibly could not be disposed of."

Considering defendant's assignment of error that the trial judge erred to defendant's prejudice in refusing to charge the jury in writing before argument as requested by defendant, we concur in the contention of counsel for plaintiff that the charge as submitted by defendant was incomplete, ambiguous and would have tended to mislead the jury. Therefore, in our opinion the trial judge did not err to defendant's prejudice in refusing to give such requested charge. However, we do not subscribe to the contention of counsel for plain-

tiff that had such charge stated the applicable law clearly, the refusal of the court to charge the same was cured by the general charge of the court.

With reference to defendant's assignment of error concerning the general charge, the record discloses that the court charged the jury:

"Defendant has alleged that it suffered a loss of 65c per ton for the 22,584 tons. The court says to you that loss profits are a proper element of damages when such loss is the direct and necessary result of plaintiff acts.

"If you find by a preponderance of the evidence that plaintiff has breached or violated their contract in this respect, you will then consider the measure of damages due the defendant from plaintiff. And the court says to you that the measure of damages to Testa Brothers if you consider this matter would be the difference between the contract price and the fair market price as of that time and place of the same or similar coal, providing that you further find that Testa Brothers, at said time and place had an available market for the coal sold by plaintiffs to other customers.

"In case your finding is for Testa Brothers as to their claim of damage in the cross petition you would be limited to 65c per ton as damages for the number of tons you should find."

We find no error in this charge for the reason that in its amended cross-petition defendant alleged in substance that it suffered damages by reason of loss of profits which it "would have obtained" had such coal been delivered to it.

It is noticed that such cross-petition seeks to obtain judgment for prospective profits and claimed accrued profits rather than for the difference between the selling price and the market price at the time of the claimed nondelivery of coal.

Having so claimed prospective profits in its amend-

ed cross-petition, it was incumbent upon the defendant to show that it had a market for any coal not delivered in accordance with the contract.

The trial judge did not err to defendant's prejudice in the respect claimed by it in this assigned ground of error.

Upon consideration of all assigned grounds of error, we find no error prejudicial to defendant in the respects urged therein.

The judgment of the Court of Common Pleas is affirmed.

*Judgment affirmed.*

NICHOLS, P. J., GRIFFITH and PHILLIPS, JJ., concur.