JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Richard Silver appeals the decision of the trial court. Having reviewed the arguments of the parties and the pertinent law, we hereby affirm the lower court.
 I. {¶ 2} According to the case, plaintiff-appellee Bruce Dandrew states that he loaned Silver money which was never paid back. Silver filed a counterclaim alleging that Dandrew borrowed a vintage race car and then returned the car in damaged condition. On or about March 27, 2003, a complaint was filed by Dandrew against Silver in Cuyahoga County Common Pleas Court, Case No. 2003 CV 497502. Dandrew stated that Silver was indebted to him in the amount of $50,000, plus interest in the amount of 10 percent per annum. Silver subsequently filed an answer and counterclaim on April 16, 2003. In addition, numerous other motions and reply briefs were filed by the parties.
 {¶ 3} On February 8, 2005, the trial commenced before a visiting judge. Judgment was entered in favor of plaintiff-appellee, Dandrew, in the amount of $50,000, plus statutory interest. Judgment was also rendered in favor of Dandrew on the counterclaim. On March 9, 2005, a notice of appeal was filed by Silver. Silver filed his appellate brief on June 30, 2005, and Dandrew filed his appellee brief on August 3, 2005.
 {¶ 4} According to the facts, on December 7, 1996, Dandrew loaned Silver $50,000. Silver failed to pay the $50,000 back to Dandrew. At trial, Dandrew testified that the check represented a loan to Silver. Silver failed to present any evidence demonstrating that the loan was ever repaid.
 {¶ 5} The trial court ruled that Silver failed to submit a written expert report in advance of trial and therefore violated Loc.R. 21.1. Silver's expert testimony regarding any alleged damage to the race car loaned to Dandrew was not received into evidence. The trial court held that no evidence had been presented to show any damage was done to the race car. This appeal follows.
 II. {¶ 6} Appellant's first assignment of error states the following: "The trial court erred as a matter of law to the prejudice of the defendant by not enforcing the statute of limitations for an oral contract."
 {¶ 7} Appellant's second assignment of error states the following: "The trial court erred to the prejudice of defendant by not enforcing the dismissal of the complaint when no evidence to support existed."
 {¶ 8} Appellant's third assignment of error states the following: "The trial court erred to the prejudice of defendant when the `burden of proof' that there was a loan became the responsibility of the defendant."
 {¶ 9} Appellant's fourth assignment of error states the following: "The trial court erred when it did not allow in trial `expert witness' testimony."
 {¶ 10} Appellant's fifth assignment of error states the following: "The trial court erred to the prejudice of defendant by not enforcing the law `fair debt collection act.'"
 {¶ 11} Appellant's sixth assignment of error states the following: "The trial court erred to the prejudice of defendant when it allowed into trial unsigned documents as evidence outside of the discovery period and with no opportunity for defendant to review and comment."
 III. {¶ 12} Appellant Silver claims in his first assignment of error that the trial court erred regarding the statute of limitations. However, we find appellant's argument to be without merit.
 {¶ 13} The cause of action in the case at bar accrued when the breach of oral contract occurred, or when Dandrew requested repayment of the loan and Silver failed to make payment. R.C. 2305.07 provides that the statute of limitations for an oral contract is six years.
 {¶ 14} The statute of limitation does not begin to run until a cause of action accrues. In the case of a loan, as in the case at bar, no cause of action accrues until the loan is due to be repaid. Beard v. Bradley
(1986), Delaware App. No. 85-CA-24.
 {¶ 15} The cause of action arises when the plaintiff discovers the failure to perform as agreed in an oral contract. Aluminum Line ProductsCo. v. Brad Smith Roofing Co., Inc. (1996), 109 Ohio App.3d 246. A cause of action on an oral contract does not accrue until the omission of performance is discovered. Kotyk v. Rebovich (1993), 87 Ohio App.3d 116.
 {¶ 16} Dandrew testified at trial that the first time he requested repayment of the loan was two years after the loan was given. The loan was originally given on December 7, 1996. Two years later would be December 7, 1998. Therefore, the statute of limitations began to run on December 7, 1998 and would not expire for another six years, on December 7, 2004.
 {¶ 17} The complaint was filed on March 27, 2003, well before the expiration date of December 7, 2004. Therefore, the statute of limitations in the case at bar did not expire prior to the filing of Dandrew's complaint. Accordingly, we find that the trial court did not err in its application regarding the statute of limitations.
 {¶ 18} Appellant's first assignment of error is overruled.
 {¶ 19} Appellant argues in his second assignment of error that the trial court erred by "not enforcing the dismissal of the complaint." We do not find merit in appellant Silver's argument.
 {¶ 20} Dandrew testified to the existence of the loan at trial. He presented a copy of a canceled check and demonstrated that Silver had failed to repay the loan. Silver, however, failed to present any evidence to the contrary by way of documents or testimony. Silver points to page nine in the record to support his assignment of error; however, this portion of the record only corresponds to opening argument and was not in evidence.
 {¶ 21} Indeed, the trial judge stated in his opinion that "the case about the loan is practically uncontested. Not been repaid. You offered no testimony with respect to that, that it wasn't a loan. Never denied any of that except in argument, which is not evidence."[1]
 {¶ 22} In Delaney v. Cuyahoga Metro. Housing Auth. (July 7, 1994), Cuyahoga App. No. 65714, we held that "* * * an appellate court will ordinarily indulge a pro se litigant where there is some semblance of compliance with the appellate rules." However, pro se litigants are presumed to have knowledge of the law and legal procedures and are held to the same standards as litigants who are represented by counsel. Quinn v.Paras, Cuyahoga App. No. 82529, 2003-Ohio-4652.
 {¶ 23} Accordingly, Silver's second assignment of error is overruled.
 {¶ 24} Silver argues in his third assignment of error that the trial court erred when "the `burden of proof' that there was a loan, became the responsibility of the defendant."
 {¶ 25} The burden of proof of a counterclaim is on the defendant and not upon the plaintiff. J.R. Trueman and Associates, Inc. v. Art Boyer
(Sept. 15, 1975), Hamilton App. No. C-74545. The defendant has the burden of proving the damages alleged in a counterclaim. Marinakis v. R.E. Dietz Co. (2001), Hamilton App. No. C-000486. Dan v. Testa Bros., Inc.
(1952), 94 Ohio App. 101, 104.
 {¶ 26} Silver mistakenly asserted in his brief that the trial court shifted the burden of proof regarding the loan to him. As previously stated, Dandrew provided documentation and evidence supporting the existence of the loan and Silver's nonpayment. Silver, in turn, failed to provide any evidence to refute Dandrew's claims. The trial court stated the following:
"I'll repeat myself. I said this to you before. Evidence is what wehear in the courtroom. It came from the witnesses, not from the lawyerasking questions or a party asking questions. Evidence only comes fromwitnesses. And I didn't hear any evidence, whatsoever. With respect toyour counterclaim, there is a failure of evidence in that, as well. Thereis no evidence that there was any dispute about the condition of the carthat was returned to you and no dispute and no evidence of any damage forwhich I would find Plaintiff liable after that."[2]
 {¶ 27} Accordingly, we find no error on the part of the trial court. Appellant's third assignment of error is overruled.
 {¶ 28} Appellant argues in his fourth assignment of error that "the trial court erred when it did not allow in trial `expert witness' testimony using a non applicable local rule."
 {¶ 29} Loc.R. 21.1(B) of the Cuyahoga County Common Pleas Court states the following:
"21.1 TRIAL WITNESS
 "PART I: Expert Witness
 (B) A party may not call a non-party expert witness to testify unless awritten report has been procured from the witness and provided toopposing counsel. It is counsel's responsibility to take reasonablemeasures, including the procurement of supplemental reports, to insurethat each report adequately sets forth the non-party expert's opinion.However, unless good cause is shown, all supplemental reports must besupplied no later than thirty (30) days prior to trial. The report of anon-party expert must reflect his opinions as to each issue on which theexpert will testify. A non-party expert will not be permitted to testifyor provide opinions on issues not raised in his report."
 {¶ 30} Appellant Silver never submitted an expert report in the case at bar. The testimony of his expert was, therefore, properly excluded. The trial judge stated the following during trial: "I know the rule is well established. Expert reports have to be exchanged. And it was indicated there are not expert reports so they will be excluded."[3]
 {¶ 31} Accordingly, appellant's fourth assignment of error is overruled.
 {¶ 32} Appellant argues in his fifth assignment of error that the trial court erred by "not enforcing the law `Fair Debt Collection Act.'" Appellant Silver never alleged violations of the Fair Debt Collection Act against appellee through an affirmative defense to the complaint or as part of his counterclaim. Accordingly, appellant's allegation was never properly at issue in the case at bar.
 {¶ 33} Appellant's fifth assignment of error is overruled.
 {¶ 34} Appellant argues in his sixth assignment of error that the trial court erred "when it allowed into trial unsigned documents outside of the discovery period and with no opportunity for defendant to review and comment, as guarenteed [sic] by law."
 {¶ 35} The standard of review of a trial court's decision in a discovery matter is whether the court abused its discretion. State exrel. Denton v. Bedinghaus, 98 Ohio St.3d 298, 2003-Ohio-861. "Abuse of discretion" connotes an unreasonable, arbitrary, or unconscionable attitude. State ex rel. Hamilton Cty. Bd. of Commrs. v. State Emp.Relations Bd., 102 Ohio St.3d 344, 2004-Ohio-3122.
 {¶ 36} With regard to the timing of the court's action, a trial court is vested with discretion in rendering decisions on discovery matters.Mauzy v. Kelly Services, Inc., 75 Ohio St.3d 578, 592, 1996-Ohio-265. On review, this court is to determine whether the trial court's standard of review is whether there was an abuse of discretion. Id. To show an abuse of discretion, the complaining party must show that the judge's actions were "unreasonable, arbitrary, or unconscionable." Blakemore v.Blakemore (1983), 5 Ohio St.3d 217. Moreover, "an appellate court will reverse the decision of a trial court that extinguishes a party's right to discovery if the trial court's decision is improvident and affects the discovering party's substantial rights." Mauzy v. Kelly Services, Inc.,
supra.
 {¶ 37} The evidence presented in the case at bar demonstrates that the lower court's actions were not unreasonable, arbitrary, or unconscionable. The trial court did not rely on the testimony appellant mentions in his final assignment of error. As previously stated, the trial court stated the following: "The case about the loan is practically uncontested. * * * Never denied any of that except in argument, which is not evidence," demonstrating that the court did not rely on said testimony when it granted judgment in favor of Dandrew.
 {¶ 38} Appellant's fifth assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J., and Corrigan, J., Concur.
[1] Tr. 378.
[2] Tr. 379.
[3] Tr. at 200.