[Cite as *N. Coast Premier Soccer, L.L.C. v. Ohio Dept. of Transp.*, 2012-Ohio-5297.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

NORTH COAST PREMIER SOCCER, LLC

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION, et al.

    Defendants

Case No. 2009-07091

Judge Joseph T. Clark
Magistrate Lewis F. Pettigrew

JUDGMENT ENTRY

{¶ 1} On March 30, 2012, the magistrate issued a decision recommending judgment in favor of plaintiff in the amount of $102,725.50. On March 30, 2012, pursuant to Civ.R. 53(D)(4)(e)(i), the court entered judgment for plaintiff in the amount of $102,725.50.

{¶ 2} Civ.R. 53(D)(3)(b)(i) states, in part: "A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i)." On April 12, 2012, plaintiff filed its objections, and on April 23, 2012, defendants filed their objections. A transcript of the proceedings was previously filed on January 23, 2012.

{¶ 3} Plaintiff brought this action alleging negligence. The case concerns flooding that occurred in August 2007 on plaintiff's large soccer complex situated on property located both north and west of the interchange of U.S. Route 224, Interstate 71, and Interstate 76 (I-76) in Seville, Ohio.

{¶ 4} Prior to the commencement of this action and prior to the flooding at issue in this case, the Ohio Department of Transportation (ODOT) commenced an eminent domain proceeding against plaintiff in the Medina County Court of Common Pleas. *Gordon Proctor, Director of Ohio Department of Transportation v. North Coast Premier Soccer, Ltd., et al.*, Case No. 06-CIV-0108. As a result of the proceeding, ODOT acquired property from plaintiff for a construction and improvement project.[1]

{¶ 5} To accomplish the improvement project, ODOT was required to obtain a permit from the Ohio Environmental Protection Agency for a national pollutant discharge elimination system (NPDES). Such a permit allows a contractor to discharge sediment-laden storm water onto the surrounding property so long as the contractor has in place a storm water pollution prevention plan (SWPPP) with appropriate temporary sediment erosion controls (TSEC) utilizing best management practices (BMPs). BMPs are controls that regulate the release of storm water during construction to ensure compliance with the NPDES permit.

{¶ 6} On August 20, 2007, heavy rains forced a shutdown of the construction site. Storm water subsequently began accumulating on the south side of ramp E-S, eventually backing up onto I-76, forcing the closure of several lanes of traffic. ODOT's project engineer, Luke Wysocki, directed the Ruhlin Company to pump the water off of I-76 and into a ditch along I-76 (I-76 ditch), which is adjacent to plaintiff's property. However, the magistrate determined that at least 27,228,000 gallons of sediment-laden water was discharged onto plaintiff's soccer fields and that the fields acted as a filter strip depositing the sediment and cleaning the water prior to reaching a ditch to the north of plaintiff's property.

---

[1]On November 29, 2011, this court ruled that plaintiff settled and released all claims with respect to the property identified in the Judgment Entry in the eminent domain proceeding. Although defendants have objected to the ruling, the issue of a release of claims was not before the magistrate. Accordingly, defendants' fourth objection is OVERRULED.

{¶ 7} The magistrate concluded that "defendants owed a duty to plaintiff to comply with the NPDES permit and that defendants breached that duty by failing to employ reasonable BMPs in dealing with the storm water. As a result of defendants' failure to employ appropriate BMPs prior to discharging sediment into storm water, [plaintiff's] fields were damaged." Magistrate's decision, page 11. The magistrate further concluded that plaintiff had proven that it was entitled to damages in the amount of $102,725.50 for repair costs, lost net profits, and the $25 filing fee.

{¶ 8} Plaintiff argues that the magistrate erred both in finding that it failed to present any competent evidence of negligence in either the construction or design of the interchange and in his calculation of damages. Defendants argue that the magistrate erred both in concluding that defendants breached any duty it owed to plaintiff and in his calculation of damages. Defendants further argue that the magistrate erred by not concluding that plaintiff's claims are barred by the statute of limitations.

{¶ 9} In reviewing a party's objections, the "court must conduct an independent analysis of the underlying issues, undertaking the equivalent of a de novo determination and independently assessing the facts and conclusions contained in the magistrate's decision." *Shihab & Assoc. Co. LPA v. Ohio Dept. of Transp.*, 168 Ohio App.3d 405, 2006-Ohio-4456, ¶ 13 (10th Dist.); *Dayton v. Whiting*, 110 Ohio App.3d 115, 118 (2nd Dist.1996).

{¶ 10} As an initial matter, in their fifth objection, defendants argue that the magistrate erred in concluding that plaintiff's claims are not barred by the statute of limitations. The magistrate determined that, pursuant to the two-year statute of limitations found in R.C. 2743.16(A), plaintiff filed its claim within the applicable time period. The magistrate further determined that even if plaintiff's claim was filed more than two years after the damage occurred, the discovery rule applies. As such, the magistrate concluded that the statute of limitations does not bar plaintiff's claim. The court agrees with the magistrate's conclusions. Indeed, the discovery rule provides that the statute of limitations begins to run when plaintiff discovers or, through the exercise

of reasonable diligence, should have discovered a possible cause of action. *O'Stricker v. Jim Walter Corp.*, 4 Ohio St.3d 84, 87 (1983); *Dalesandro v. Ohio Dept. of Transp.*, 10th Dist. No. 10AP-241, 2010-Ohio-6177 (noting that the discovery rule applies to cases involving latent property damage). The testimony established that although plaintiff's property routinely flooded, plaintiff did not realize that this particular flood was unlike any other previous flood until the water receded sometime after August 23, 2007. Plaintiff's complaint was filed on August 24, 2009. Accordingly, defendants' fifth objection is OVERRULED.

{¶ 11} In its first objection, plaintiff argues that the magistrate erred in not finding that defendants were negligent in the design and construction of the interchange ramp E-S. The magistrate determined that plaintiff failed to present any competent evidence of such negligence. A review of the transcript reveals that plaintiff did not present the court with any convincing testimony establishing that the design and construction were performed negligently. Indeed, plaintiff's expert was not qualified to testify regarding interstate design and construction. Moreover, defendants' expert, Ron Trivisonno, testified that the failure of the culverts and embankment could not have been prevented. Furthermore, neither Trivisonno nor Wysocki faulted defendants for constructing an embankment-style ramp on an aquifer. The court agrees with the magistrate's conclusion. Accordingly, plaintiff's first objection is OVERRULED.

{¶ 12} In their first objection, defendants argue that the magistrate's determination that defendants breached a duty to plaintiff rests on a misunderstanding of the testimony. Defendants argue that ODOT recognized deficiencies in the project and notified its contractor. As such, defendants assert that ODOT was participating in the process of amending the SWPPP. However, the magistrate found that defendants failed to employ reasonable BMPs in dealing with the storm water. Indeed, the transcript reveals that ODOT was aware of problems with storm water management well before the August 2007 flooding; however, ODOT failed to take any steps to update its

BMPs prior to August 20, 2007.  Moreover, Wysocki admitted that storm water was not managed correctly in August 2007.  Accordingly, defendants' first objection is OVERRULED.

{¶ 13} In their second and third objections, defendants generally argue that plaintiff suffered no harm as a result of the August 2007 flood and that the magistrate incorrectly calculated plaintiff's damages.  In its second objection, plaintiff argues that the magistrate incorrectly calculated the costs to repair the soccer fields and its lost profits.  The magistrate determined that plaintiff suffered damages for out-of-pocket expenses in the amount of $62,140 and lost net profits in the amount of $40,560.50.

{¶ 14} Regarding out-of-pocket expenses, plaintiff's representative, Michael Sweeney, testified that plaintiff incurred $126,269 in restoration costs.  Sweeney obtained estimates for much of the restoration work; however, plaintiff relied upon its own employees to perform such work.  As such, plaintiff's estimate of restoration costs was not the actual cost to perform such work.  Moreover, some of the restoration expenses were not related to the flood.  Indeed, Sweeney admitted that plaintiff replaces drain tile in its soccer fields every year and that the flood "exacerbated" the deterioration.

{¶ 15} Regarding plaintiff's lost profits, the magistrate determined plaintiff was entitled to $40,560.50.  Such a determination was based upon the testimony of both certified public accountant, Jeffery Firestone, and Sweeney regarding the inability to schedule games on the seven fields affected by the flood and the harm such an obstacle caused to plaintiff's business reputation.

{¶ 16} The trial court as the trier of the facts is the sole judge of the credibility of witnesses and, as such, may believe or disbelieve all or part of any witness' testimony. *See R. Ruben v. L. Ruben*, 10th Dist. No. 82AP-914 (July 26, 1983); *Phillips v. Sharp*, 44 Ohio App. 311 (6th Dist.1932).  In this case, the magistrate agreed with defendants' assertion that plaintiff's out-of pocket expenses and lost profits were exaggerated, but the magistrate did not believe that plaintiff suffered no harm as a result of the flood.

Rather, the magistrate found that, in consideration of both Sweeney and Firestone's testimony, and the evidence adduced at trial in support of defendants' assertions, the extent of the damage was as not as great as plaintiff asserts.

{¶ 17} Upon review of the testimony and other evidence admitted in the proceedings, the court finds that the magistrate's approach to the calculation of both out-of-pocket expenses and lost net profits reflects careful deliberation based upon all of the relevant evidence. In fact, an independent review of the evidence by the court reveals that the magistrate's findings are supported by the greater weight of the evidence. Accordingly, defendants' second and third objections and plaintiff's second objection shall be OVERRULED.

{¶ 18} Having overruled each of the parties' objections, pursuant to Civ.R. 53(D)(4)(e)(i), the court hereby "adheres to the judgment previously entered."

_____
JOSEPH T. CLARK
Judge

cc:

Anthony J. Coyne
Brendon P. Friesen
55 Public Square, Suite 2150
Cleveland, Ohio 44113

Jeffrey L. Maloon
Randall W. Knutti
Assistant Attorneys General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

003
Filed June 6, 2012
To S.C. Reporter November 15, 2012