JOHN C. STUART v. BURLINGTON COUNTY FARMERS' EXCHANGE.

Submitted March 16, 1916—Decided June 8, 1916.

In an action for breach of warranty on a sale of fertilizers, the plaintiff was allowed to recover, under the instruction of the court, the difference between what the crop produced by the fertilizer actually was worth and what it would have been worth had the fertilizer been up to the warranty, and also the difference between the price paid for the fertilizer and what it was actually worth. *Held*, that such instruction was erroneous in that it permitted a double recovery; the difference in value of the crop produced and that which would have been produced had the fertilizer been as warranted being the full measure of the defendant's liability.

On appeal from the Burlington Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and BERGEN.

For the appellant, *George M. Hillman.*

For the respondent, *John G. Horner.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This action was brought by Stuart against the Exchange to recover compensation for the loss which he claimed to have sustained because of the fact that a certain fertilizer, which he had purchased from the defendant to be used in raising corn, was not of the grade warranted, but was of much inferior quality, and that as a result of its use upon his farm the crop of corn which he raised was much smaller than it would have been had the fertilizer been of the quality which he ordered, and what the defendant warranted it to be. The cost price of the fertilizer was $280; the loss upon the crop which the plaintiff raised

was claimed by him to have been about $1,200. The trial resulted in a verdict in favor of the plaintiff, and from the judgment entered thereon the defendant appeals.

The only ground of appeal argued before us is an alleged error in the instruction to the jury relating to the measure of damages. The court first charged that if there was a breach of warranty as to the quality of the fertilizer, and the seller knew the use to which it was to be put, he was answerable to the purchaser for the difference between the value of the crop produced by the fertilizer which was actually delivered, and the value of the crop that would have resulted in all reasonable probability had the fertilizer corresponded to the warranty. No criticism is made upon this part of the charge, but the court then proceeded to say that the plaintiff sought to recover, not only this difference in value, but also the money paid by him for the fertilizer, and then added "He cannot recover back the $280 which he paid. That is not the law. The law is that his measure of damages is the difference between the price which he paid for the fertilizer and what it was worth  *  *  *  and the worth of it you will have to determine from the evidence." The effect of this added instruction was to permit a recovery of double damages. If the fertilizer had been what it was warranted to be, the crop produced would have been, according to the plaintiff's claim, $1,200 more valuable than it turned out to be; and the plaintiff was allowed to recover this $1,200 if the jury thought the difference was proved. Such a recovery would have made him exactly whole. That is, he would then have had in his pocket just what he would have had provided the fertilizer had strictly complied with the warranty. But when he was permitted, after being made whole, to recover also the difference between the contract price of the warranted fertilizer, and the value of that which was actually furnished, he was, in effect, allowed a discount upon the price of a fertilizer which, after the allowance of the compensation for the diminution of the crop was determined and allowed to him, was worth exactly what the warranted fertilizer was.

This instruction was harmful error, and, as it is impossible to determine to what extent it entered into the making up of the verdict, the judgment under review must be reversed.