JOHN C. STUART, RESPONDENT, v. BURLINGTON COUNTY FARMERS' EXCHANGE, APPELLANT.

Submitted March 26, 1917—Decided June 18, 1917.

Plaintiff relying on representations of defendant's agent that its product called "crude fish" was a good fertilizer for his intended crops of sweet corn, gave an order for "crude fish" and used what he received in response to such order in the belief that it was "crude fish." The crop failed, and he sued for damages. *Held*, (*a*) that there was evidence of implied warranty that the fertilizer supplied was "crude fish;" (*b*) that on this point evidence of the statements to plaintiff by the general manager of defendant was competent; (*c*) that plaintiff's oral testimony as to the receipts and expenses of growing, reaping and marketing his crop was competent, whether or not he kept books of account and without their production on his own case. See 89 *N. J. L.* 12.

On appeal from the Burlington Circuit Court.

For the appellant, *Gaskill & Gaskill* and *George M. Hillman*.

For the respondent, *John G. Horner*.

The opinion of the court was delivered by

PARKER, J. Plaintiff, a farmer, contracted to purchase a fertilizer called "crude fish" from defendant, upon the representation of defendant's sales agent that it was a specially good fertilizer for raising sweet corn. He received and used the contents of a number of bags shipped by defendant and labeled "crude fish," but his crop failed, and he then discovered, as claimed, that the contents of the bags were not "crude fish," but something else. He brought suit for damages on the theory of *Wolcott* v. *Mount*, 36 *N. J. L.* 262, for the loss of the crops which he claimed would have resulted had the fertilizer been as represented, and at the trial had a verdict of $1,000.

The representations regarding the fertilizer were made by one Page, a sales agent of defendant; and the first point made on this appeal is that it was error to admit testimony of oral statements by Page at the time when the purchase was agreed on, because the contract of sale was in writing. An examination of the paper referred to, however, shows that plaintiff was not a party to it, but that it was a mere order for shipment to plaintiff's address sent by the salesman to the factory or office of his principal, signed by the salesman, but not by the plaintiff.

This also disposes for the most part of the fourth point relating to the same conversation on the redirect examination of plaintiff. It is also objected that he had already been fully examined on this head; but a repetition of his testimony was within the judicial discretion.

Under the second, third and sixth points the argument is made that it was error to permit plaintiff to testify to a conversation, after his crop failed, with Mr. Embree, admitted by defendant to be the manager of the defendant, wherein plaintiff complained that the fertilizer was not as represented, and perhaps he should have tried it out in a small way first, and Embree said "we stand behind what we sell," &c. There is no doubt of the competency of statements by Embree, as manager, that were relevant to the issue. *Agricultural Insurance Co. v. Potts*, 55 *N. J. L.* 158; *Smith* v. *Telephone Company*, 64 *N. J. Eq.* 770; *Carey* v. *Wolff & Co.*, 72 *N. J. L.* 510; *Bridgeton* v. *Fidelity Company*, 88 *Id.* 645.

If the defendant had been an individual, his statement that he held himself responsible for the quality and fitness of what he sold through his agent would be clearly relevant as an admission that he was liable for defects therein; and the fact that this statement is made by a general agent of a corporation does not deprive it of relevancy.

The seventh point alleges error in the court's refusal to strike out the testimony of plaintiff respecting the amount of his sales and losses on the crop. This was asked on the ground that plaintiff admitted he kept books showing the amount of his sales and expenses, &c., and had not produced

them. We think there is no merit in this point. The books, if they existed, and if they were legal evidence at all for plaintiff, against the defendant, were not the best evidence so as to exclude his parol proof. The whole line of "shop book" cases in this state bears, not upon the exclusiveness, but upon the admissibility of such books, as unsworn day-to-day records of the business of the party producing them, to show facts in his own favor. Defendant could have obtained these books under subpœna, but was not entitled to shut out plaintiff's testimony as to the receipts from his business because of their non-production. The case of *East Jersey Water Co.* v. *Bigelow*, 60 *N. J. L.* 201, is in nowise to the contrary; nor is that of *Bartow* v. *Erie Railroad Co.*, 73 *Id.* 12, where the absence of plaintiff's books was commented on in connection with the total absence of evidence of the cost of conducting his business. In *Standard Amusement Co.* v. *Champion*, 76 *Id.* 771, 774, the books were held admissible because as between the parties they partook of the nature of partnership accounts. In the very recent case of *Rabinowitz* v. *Hawthorne*, 89 *Id.* 308, the discussion was not as to the exclusiveness or admissibility of the books, for there were none, but as to the general competency of evidence to show the average profits of plaintiff in his business.

We may add that plaintiff was again put on the stand and then testified that the "books" were only the collected sales slips that had been sent him from time to time by the commission merchants; and that these were the only record he had.

Lastly, it is urged that the court should have granted the motion to nonsuit, on the double ground (*a*) that plaintiff had failed to show any warranty, or (*b*) any breach thereof. There was evidence of a sale by description, which raised an implied warranty that the goods were "crude fish" (*Comp. Stat.*, p. 4650, § 15) ; and evidence that in fact they were not.

The nonsuit was properly denied. If it be conceded that the evidence for plaintiff failed to indicate that what he received was not in fact "crude fish," this was supplied by the

testimony offered for defendant, and the error, if any, cured. *Bostwick* v. *Willett*, 72 *N. J. L.* 21; *VanNess* v. *North Jersey Street Railway Co.*, 77 *Id.* 551; *Dennery* v. *Great Atlantic and Pacific Tea Co.*, 82 *Id.* 517.

The judgment will be affirmed.

*For affirmance*—The Chancellor, Garrison, Swayze, Trenchard, Parker, Bergen, Minturn, Kalisch, White, Williams, Taylor, Gardner, JJ. 12.

*For reversal*—Black, Heppenheimer, JJ. 2.