**Paul and Charlene MOORE,
Plaintiffs-Respondents,**

v.

**Donald and Joan WOOLBRIGHT,
Defendants-Appellants.**

**No. 12575.**

Missouri Court of Appeals,
Southern District,
Division Three.

Jan. 7, 1983.

Therese A. Schellhammer, Little, Million, Terando, Clarkson & Associates, P.C., Poplar Bluff, for defendants-appellants.

Daniel T. Moore, Poplar Bluff, for plaintiffs-respondents.

FLANIGAN, Judge.

Plaintiffs Paul Moore and Charlene Moore, husband and wife, brought this action against defendants Donald Woolbright and Joan Woolbright, husband and wife, for damage to a growing crop of soybeans caused by defendants' trespassing cattle. The jury found in favor of plaintiffs and awarded $3,000. Defendants appeal from the ensuing judgment.

The land on which the crop was growing was owned by defendants and leased by them to plaintiffs. The oral lease, or at least sharecropping arrangement, included the provision that plaintiffs would own two-thirds of the crop, which plaintiffs were to plant and harvest, and defendants would own the remaining one-third. Defendants contend that the trial court erred in giving certain instructions offered by the plaintiffs, including Instruction 4, the burden of proof instruction, and Instruction 7, the measure of damages instruction. Although defendants have challenged plaintiffs' verdict-directing instruction, that challenge has no merit and no precedential purpose would be served by discussing it.

The second sentence of Instruction 4 reads: "The burden of causing you to believe a proposition of fact is upon the party whose claim or defense depends upon that proposition." Instruction 4 is erroneous, argue defendants, because it includes the words, "or defense." Defendants point out

that their answer did not plead an affirmative defense and no instruction to the jury submitted an affirmative defense. Indeed there was no instruction directing a verdict in favor of defendants.

In December 1981, when this case was tried, the applicable burden of proof instruction was MAI 3.01 [1979 Revision], found on p. 24 of MAI, Second Edition, 1980 Supplement. The attacked language in Instruction 4 is authorized, indeed mandated, by the 1979 revision of MAI 3.01. Defendants' attack is based upon MAI 3.01 [1981 Revision], but the use of that instruction was not required until January 1, 1982. See MAI, Third Edition, p. XXI. Defendants' attack upon Instruction 4 has no merit.

Instruction 7 reads:

### "INSTRUCTION NO. 7

"If you find in favor of plaintiff, then you must award plaintiffs such sum as you may find from the evidence to be the difference between the fair market value of the crops growing on the land leased by plaintiffs before it was damaged by defendants' cattle and the fair market value after it was damaged by defendants' cattle."

Defendants argue, and this court agrees, that Instruction 7 is erroneous in telling the jury to base their award upon the damage caused by the cattle to the entire crop rather than to two-thirds of it, which was the extent of plaintiffs' interest. It is also true that the word "plaintiffs" instead of "plaintiff" should have been used in the opening clause. The error in Instruction 7 affects only the issue of damages and the new trial will be limited to that issue. Rule 84.14, V.A.M.R.

If the foregoing error in Instruction 7 were its only defect, that error could be corrected by this court by reducing the judgment by $1,000. See *Boenzle v. United States Fidelity & Guaranty Company*, 258 S.W.2d 938, 944[10] (Mo.App.1953), where the court said: "Under [§ 512.160(3) RSMo 1978, the counterpart of Rule 84.14 V.A.M. R.], we can correct the error of an excessive judgment, when the amount of the excess is plainly manifest." Defendants, however,

make an additional attack upon Instruction 7.

The evidence showed that the trespassing by defendants' cattle took place over a period of time and defendants point out that there was evidence that *plaintiffs'* cattle did some trampling of the soybeans during that period. There was also evidence that a drought had an adverse effect upon the value of the growing crop during the period defendants' cattle were trespassing. Defendants argue that Instruction 7 failed to take into account the crop damage caused by plaintiffs' cattle and the drought and failed to make it clear to the jury that defendants would not be liable for such damage. Defendants rely upon *Kelso v. C.B.K. Agronomics, Inc.*, 510 S.W.2d 709, 726[16] (Mo.App.1974), and *Goodwin v. S.J. Groves & Sons Company*, 525 S.W.2d 577, 581[2] (Mo.App.1975). Defendants' criticism is sound and, on retrial, plaintiffs should redraft Instruction 7, or its counterpart, so that the defendants may be held liable only for the damage caused by their cattle.

The judgment is reversed and the cause remanded for a new trial on the issue of damages only.

GREENE, C.J., and MAUS and PREWITT, J., concur.