Paul MOORE and Charlene Moore, Plaintiffs-Respondents,

v.

Donald WOOLBRIGHT and Joan Woolbright, Defendants-Appellants.

No. 13335.

Missouri Court of Appeals, Southern District, Division Three.

May 7, 1984.

Therese A. Schellhammer Little, Million, Terando Clarkson & Associates, Poplar Bluff, for defendants-appellants.

No appearance for plaintiffs-respondents.

MAUS, Judge.

Plaintiffs sued for damages to their growing soybean crop caused by defendant's trespassing cattle. The first trial in December, 1981 resulted in a verdict for plaintiff. In *Moore v. Woolbright*, 645 S.W.2d 376 (Mo.App.1983), this court reversed that judgment due to error in plaintiffs' damage instruction. The case was remanded for retrial on the issue of damages only. The second trial in May, 1983 resulted in judgment for plaintiffs in the amount of $2,500. Defendant again attacks that damage instruction and the sufficiency of the evidence to support that instruction.

The evidence adduced at the second trial reveals the damage to plaintiffs' soybeans resulted from multiple causes. In addition to the damage caused by defendants' cattle, there was evidence damage to the soybeans could have been caused by plaintiffs' own cattle, weeds, worms and drought. For a more complete statement of the facts see *Moore v. Woolbright*, supra. This case was reversed the first time because plaintiffs' damage instruction failed to make clear to the jury that defendants would not be liable for the damage not caused by their cattle. On remand, plaintiffs were to redraft the instruction to cure this defect. Plaintiffs' modified damage instruction follows:

### INSTRUCTION NO. 6

You must award plaintiff such sum as you may find from the evidence to be the difference between the fair market value of plaintiffs' growing crops on the land leased by plaintiffs in which plaintiffs were entitled to two-thirds of said crop before it was damaged by defendants' cattle and its fair market value after it was damaged by defendants' cattle. Plaintiffs are not entitled to any damages that were caused by a drought or any damage caused by plaintiffs' own cattle to the growing crop.

■ The measure of damages as to partial destruction of a growing annual crop is the difference between the value of the crop immediately before and immediately after the injury. *McCrory. v. Monroe*, 336 S.W.2d 118 (Mo.App.1960); *Beaty v. N.W. Electric Power Cooperative*, 296 S.W.2d 921 (Mo.App.1956). Where damage is the result of multiple causation, as in this case, the damage instruction should require the jury by its findings to separate or apportion the damages directly resulting from the negligence of the defendant. *Kelso v. C.B.K. Agronomics, Inc.*, 510 S.W.2d 709 (Mo.App.1974). Instruction No. 6 above does not require such an apportionment. In this respect it is defective.

■ Plaintiffs have also failed to prove the value of the crop immediately before and immediately after the injury by the proper method. It was their burden to do so. *Beaty v. N.W. Electric Power Cooperative*, supra. To meet that burden, plaintiffs were required to produce evidence showing the maturity value of the probable crop but for the destruction or injury and the value of the labor and expense which, subsequent to its injury or destruction and but for it, would have been required to mature, care for and market the crop. The value of such labor and expense is then to be deducted from the maturity value of the crop. *McCrory v. Monroe*, supra. Also see *Miller v. Sabinske*, 322 S.W.2d 941 (Mo.App.1959).

■ In this case, Mr. Moore testified the value of the soybean crop before the injury was $9,700 and the value after injury was $3,700. There was no hint of the damage done by weeds or worms. There was no evidence of the cost of caring for, harvesting and marketing the crop which the jury could deduct from the maturity value of the soybeans. "Consequently, there was no competent evidence to support the giving of a general instruction on the measure of damages" to the soybeans. *Miller v. Sabinske*, supra, at 948; *Beaty v. N.W. Electric Power Cooperative*, supra; *Welker v. Pankey*, 225 S.W.2d 505 (Mo.App. 1949).

The judgment is reversed and remanded for further proceedings consistent with this opinion.

GREENE, C.J., CROW, P.J., and HOGAN and PREWITT, JJ., concur.