**MISSOURI FARMERS ASSOCIATION, INC., Plaintiff-Respondent,**

v.

**Lonnie KILLION and Mary Killion, Defendants-Appellants.**

**No. 14284.**

Missouri Court of Appeals, Southern District, Division Two.

April 24, 1986.

Craig R. Oliver, Miller, Sanford, Joyner, Westbrooke & Tyndall, Springfield, for plaintiff-respondent.

Richard T. Martin, Gainesville, for defendants-appellants.

PREWITT, Chief Judge.

Defendants appeal, claiming they received inadequate damages on a counterclaim.

Plaintiff sued defendant Lonnie Killion, seeking payment due to his purchasing from plaintiff "certain merchandise and farm supplies, feed, seed and/or services." Defendant Lonnie Killion counterclaimed, contending that he was damaged when he ordered "3030" seed corn but plaintiff delivered "2180" seed corn and that defendant Lonnie Killion planted the seed not knowing that the wrong variety had been delivered. Lonnie Killion claimed that as a "result of delivering the wrong type of seed corn, the defendant lost his entire corn crop for the year". He claimed damages of $15,000.

Prior to trial plaintiff amended its petition to add Mary Killion as a defendant. Following nonjury trial the trial court

found for plaintiff on its claim and for defendants on the counterclaim. It granted defendants $5,000.00 damages on the counterclaim.[1] On appeal defendants' point relied on states:

> The trial court erred by not using the correct measure of damages in its assessment of damages by not using the difference between the value of the crop immediately before and immediately after the injury or loss.

■ It is not possible to determine how the trial court arrived at the damages. No findings of fact or conclusions of law were asked for or made. Absent the record establishing otherwise, we must presume that the trial court used a proper method to calculate the damages. Findings by a trial court as to damages are entitled to great weight and will not be disturbed on appeal unless it is shown that the award was clearly wrong, the damages could not have been reasonably determined, or that the damages were excessive. *Montrose Savings Bank v. Landers*, 675 S.W.2d 668, 672 (Mo.App.1984).

Defendant Lonnie Killion testified that had he received the seed corn ordered his yield should have averaged 100 bushels per acre. He planted 43 acres. He said that the price of corn at harvest time was approximately $3.75 to $3.80 a bushel. Thus, the value of the yield he claims defendants should have received was from $16,125 to $16,340. Lonnie Killion also testified that the value of the crop he received was $4,000 or $5,000. On this testimony, defendants' damages ranged between $11,125 to $12,340. Defendants were going to use the corn to feed their dairy cattle.

An agricultural expert testifying for plaintiff said that the difference in seed would not have reduced the size and value of the crop. He said it was dry weather conditions that caused defendants to receive a poor crop. The witness said that under favorable conditions the yield from "3030" seed would have been 75 bushels per acre. He also said that defendants could have purchased corn in their area for $2.65 a bushel. At this price and yield, and using $5,000.00 as the value of the crop received, defendants' damages would have been $3,546.25.

■ Defendants cite four cases under their point to support their contention that the measure of damages is "the difference between the value of the crop immediately before and immediately after the injury or loss." The cases are *Faire v. Burke*, 363 Mo. 562, 252 S.W.2d 289 (1952); *Moore v. Woolbright*, 670 S.W.2d 190 (Mo.App.1984); *McCrory v. Monroe*, 336 S.W.2d 118 (Mo. App.1960); and *Moore v. St. Louis Southwestern Ry. Co.*, 301 S.W.2d 395 (Mo.App. 1957).

The measure of damages set forth in the cases relied on by defendants does not apply here as there was no before or after value of the crop and no injury to it.

■ Appellants' counterclaim was based on breach of contract. In breach of contract cases, the goal of compensation is to award a sum which is the equivalent of performance of the bargain; an attempt to place the injured party in the position he would have been in if the contract had been fulfilled. *Sunny Baer Co. v. Slaten*, 623 S.W.2d 595, 597 (Mo.App.1981).

■ The measure of damages applicable to this matter is the difference between the fair market value of the crop raised and what the fair market value of the crop would have been had the seed planted been the type ordered.[2] *Moorhead v. Minneapolis Seed Co.*, 139 Minn. 11, 165 N.W. 484, 486 (1917); *Phillips v. Sharp*, 44 Ohio App. 311, 185 N.E. 562, 564 (1932). See also *Blackburn v. Carlson Seed Co.*, 321

---

1. The record before us does not establish that defendant Mary Killion was a party to the counterclaim. The trial court and the parties treat her as being a claimant under the counterclaim and as it does not affect the result of this appeal, she is so treated here.

2. The damages might be affected if evidence indicated that the cost of caring for, or harvesting and putting up the crop, varied depending on the seed used. There was no such evidence or contention here.

S.W.2d 520 (Mo.App.1959); *Stuart v. Burlington County Farmers' Exchange,* 89 N.J.L. 12, 97 A. 775 (1916), *aff'd,* 90 N.J.L. 584, 101 A. 265 (1917); Oleck, Damages to Persons and Property, § 429 at 941 (1961).

■ The damages claimed here were not such that they could be conclusively established or accurately calculated without question. Whether and to what extent the weather may have affected the crop was in dispute. The trial court was not required to believe either party's evidence in its entirety and could properly find that the damages were somewhere between those claimed by the parties.

■ The trial judge, when sitting as the trier of fact, may believe all, part, or none of the testimony of any witness. *Best v. Culhane,* 677 S.W.2d 390, 393 (Mo.App. 1984). The trial court's finding on damages was within the range of damages in evidence. That finding was supported by the evidence.

The judgment is affirmed.

HOGAN, P.J., and MAUS and CROW, JJ., concur.