**Earl WILSON, d/b/a Earl Wilson Construction, Appellant,**

v.

**Marlene ASHNER and Barney Ashner, et al., Respondents.**

**No. WD 48484.**

Missouri Court of Appeals,
Western District.

June 28, 1994.

C. Carl Kimbrell, Kansas City, for appellant.

Mark W. Arensberg, Overland Park, KS, for respondents.

Before SMART, P.J., and KENNEDY and ULRICH, JJ.

ULRICH, Judge.

Earl Wilson appeals from the trial court's judgment that awarded him $4,266.57 in damages on a breach of contract claim and awarded the Ashners $4,032.16 in damages on their counter claim. Mr. Wilson contends that "there was no substantial nor competent evidence to support the judge's findings."

Earl Wilson sued Marlene and Barney Ashner for breach of contract. Mr. Wilson's petition claims that between March 18, 1992 and April 30, 1992, he delivered "lime rock" and "pea gravel" to Foxwood Farms at the request of Mr. and Mrs. Ashner, the owners of the farm. Mr. Wilson also claims that he performed certain services and that all the work was performed pursuant to the directions and agreements with the Ashners. Mr. Wilson claims total damages of $8,571.38. Specifically, Mr. Wilson claims he is owed $2,480.00 for machine and labor charges, $108.25 for materials and $5,983.13 for rock and trucking.

The Ashners countersued. They claim Mr. Wilson performed unauthorized work and used unauthorized materials. The Ashners also claim that Mr. Wilson did not properly grade the arena surface and then placed too much material over the improperly graded surface. The Ashners claim damages of $5,859.57. Specifically, the Ashners claim they are entitled to reimbursement for $1,145.82 paid to Peace Trucking and $1,232.16 paid to Martin Marietta for unauthorized materials ordered by Mr. Wilson in their name. The Ashners also claim they paid $2,481.59 to remove excess materials delivered by Mr. Wilson and that they sustained lost profits of $1,000.00.

The controversy in this case centers on the amount of material and work that the Ashners authorized Mr. Wilson to order and perform. Both parties presented evidence. After a court trial, the trial court made the following relevant findings.

The court found the Ashners' version of the contract to be more credible. The court found that the parties agreed Mr. Wilson would install three inches of lime rock and three inches of pea gravel in the horse arena, but Mr. Wilson installed six inches of lime rock and six inches of pea gravel. The court found Mr. Wilson did some extra work and that the labor involved and the extra work done by Mr. Wilson was reasonable. The court found that Mr. Wilson sustained damages of $4,266.57.[1] The court arrived at this number by "taking the Plaintiff's exhibits at the per-ton price and I'm just—Instead of six inches and six inches, I just went down to three and three inches. I would pretty well have to."

The court found the Ashners' counterclaim for lost profits was too speculative and denied it. However, the court found that the Ashners spent $2,800.00 to remove the excess gravel. The court also found that the Ashners spent $1,232.16 for a Martin Marietta bill and awarded them that amount.[2]

The scope of review of the trial court's judgment in this court-tried civil case is defined in *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). The decree of the trial court will be sustained unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *Id.*

### I.

Mr. Wilson claims, as point I, that the court erred in awarding him damages in the

---

1. Mr. Wilson billed the Ashners $2,874.14 for lime rock and $2,959 for pea gravel for a total of $5,833.14, without sales tax. Fifty percent of $5,833.14 is $2,916.57. When $2,916.57 is added to Mr. Wilson's original bid of $1,350.00, it totals $4,266.57.

2. See Addendum A for an accounting of parties' claimed damages, the trial court's award and this court's calculation.

sum of $4,266.57 and not in the sum of $8,571.38 as requested. In subpoint A of his first point, Mr. Wilson claims "that there was no substantial nor competent evidence to support the judge's findings, and the decision to do so was clearly contrary to the weight the evidence." Specifically, Mr. Wilson claims that the trial court erroneously assumed twelve inches of gravel was ordered and delivered to Foxwood Farms.

Substantial evidence was presented to support the trial court's finding. Gary Nouse, who leases the horse arena at Foxwood Farms, testified that the arena was "very unlevel, deep in some areas, up to a foot in some, and in some maybe as hard as a rock toward the center. And that was after … a huge pile had been taken out." The credibility and weight to be given to his testimony was a matter for the trial court to determine, *Herbert v. Harl,* 757 S.W.2d 585, 587 (Mo. banc 1988), the trial court's finding will not be disturbed on appeal. Furthermore, the evidence at trial also showed that Mr. Wilson testified in his deposition that Mrs. Ashner wanted six inches of lime rock and six inches of pea gravel. The above evidence constitutes substantial evidence upon which the trial court could find that Mr. Wilson ordered and had delivered six inches of lime rock and six inches of pea gravel to the arena.

█ Although there is substantial evidence to support this finding, the trial court erred in calculating damages. The trial court found that the depth of the arena was composed of six inches of lime rock and six inches of pea gravel instead of the contract amount, three inches of lime rock and three inches of pea gravel. To assess damages based on the depth of the arena, the trial court was required to include *all* lime rock and pea gravel ordered and delivered in the arena and not just the lime rock and pea gravel delivered and billed by Mr. Wilson to the Ashners. Thus, the trial court needed to

include the lime rock and pea gravel ordered by Mr. Wilson but paid for by the Ashners in its damage calculation.

The evidence shows that Mr. Wilson billed the Ashners $2,874.14 for lime rock and $2,959.00 for pea gravel. This totals $5,833.14. Sales tax for these orders was $149.99.[3] The evidence shows that the Ashners paid a Peace Trucking bill of $1,111.00 plus sales tax of $34.82 for pea gravel that was used in the arena. Therefore, the evidence shows that it cost $7,128.95 to install six inches of lime rock and six inches of pea gravel in the arena. Thus, it should have cost $3,564.48, to install the contract amount of three inches of lime rock and three inches of pea gravel. After the Ashners are credited $1,145.82 for the amount they already paid, Mr. Wilson is owed $2,418.66 for the lime rock and pea gravel.

In subpoint B of his first point, Mr. Wilson claims that the trial court erred in that the "trial court found that Appellant's charges to Respondents for labor and extra work was fair and reasonable, but, nevertheless, reduced a portion of that amount in its final judgment." Mr. Wilson does not address this subpoint in his argument. It is abandoned. *Saunders–Thalden & Assocs., Inc. v. Thomas Berkeley Consulting Eng'g, Inc.,* 825 S.W.2d 385, 387 (Mo.App.1992). Subpoint B is denied.

II.

In his second point, Mr. Wilson claims that the trial court erred in awarding Respondent's $4,032.16 on their counterclaim because the award was against the weight of the evidence and not supported by competent evidence.

█ In subpoint A, Mr. Wilson claims that the trial court erred in awarding the Ashners $2,800 in damages for removing the excess gravel because the award was based only on the unsubstantiated testimony of Mrs. Ashner. Specifically, Mr. Wilson argues that "other than her testimony, there is no evidence of any such payment. There were no canceled checks offered as evidence, nor any receipts from any party paid by Mrs. Ashner to perform the removal of gravel."

---

3. The trial court erred in not including sales tax in the damage award. Sales tax must be added to the damage award in order to make the injured party "whole". *See Missouri Farmers*

*Ass'n, Inc. v. Killion,* 708 S.W.2d 801, 803 (Mo. App.1986) (the goal of compensation is to place the injured party in the position he would have been in if the contract had been fulfilled).

Mrs. Ashner testified that she paid $2,800 to remove the excess gravel. This constitutes substantial evidence upon which the trial court could find that the Ashners paid $2,800 to have the excess gravel removed. The credibility and weight to be given to Mrs. Ashner's testimony was a matter for the trial court to determine, *Herbert v. Harl*, 757 S.W.2d at 587, the trial court's finding will not be disturbed on appeal. Subpoint A is denied.

In subpoint B, Mr. Wilson again claims that the trial court erred in awarding the Ashners' $2,800 in damages for removing the excess gravel because "the only evidence presented that any amounts were paid at all for said correction of any damages caused by Appellant's conduct was testimony of an independent witness that he was paid $1,200." As was just discussed in subpoint A of point II, the trial court did not err in awarding the Ashners $2,800 in damages for removing the excess gravel. Subpoint B is denied.

In subpoint C, Mr. Wilson again claims that the trial court's award was contrary to the weight of the evidence and not supported by any competent and substantial evidence. Specifically, Mr. Wilson claims the trial court erred in awarding the Ashners $1,232.16 for a material bill they paid to Martin Marietta because it was "for material (gravel) authorized to be delivered by Respondents, and not separately billed by Appellant and as a result of such additional award, the Trial Court further effectively reduced any amounts of Appellant's material bills that should otherwise have been reimbursable by Respondents." Mr. Wilson seems to argue that the trial court erred in awarding the Ashners $1,266.57 on the Martin Marietta bill because the Ashners authorized and paid for this material and it reduces the damages awarded to Mr. Wilson. Because the trial court did not make a specific finding on this issue, all facts are deemed found in accordance with the result reached. *In re Marriage of Swofford*, 837 S.W.2d 560, 563 (Mo. App.1992).

■ The evidence at trial showed that Mr. Wilson ordered and delivered excess rock to Foxwood Farms. The trial court could have found that part of the Martin Marietta bill was for excess rock ordered by Earl Wilson. However, the trial court erred in awarding the Ashners the full amount of this bill because the Ashners admitted that they authorized some extra rock for the driveway. At trial, Mr. Ashner testified that he authorized two of the loads of rock in the Martin Marietta bill for use in the driveway. Mrs. Ashner also testified that she authorized Mr. Wilson to do some grading in the driveway. The Martin Marietta bill was $1,232.16 including sales tax for eight loads of rock. Therefore, two out of the eight loads, or 25%, were for extra rock authorized by the Ashners. Thus, the Ashners' damages on this portion of the judgment will be reduced by $308.04 to $924.12.

The judgment the trial court should have entered will be entered by this court. Rule 84.14. Mr. Wilson is entitled to damages of $3,768.66 and the Ashners are entitled to damages of $3,724.12.

The judgment is affirmed in part as modified and reversed in part, and the trial court is directed to modify its judgment in a manner consistent with this opinion.

All concur.

## ADDENDUM A

### Mr. Wilson's Claimed Damages

| | |
|---|---|
| Original bid | $1,350.00 |
| Additional Materials | 108.25 |
| Additional Labor | 1,129.75 |
| ¼ Lime | 2,874.14 |
|   sales tax | 57.91 |
| Pea Gravel | 2,959.00 |
|   sales tax | 92.08 |
|   Total | $8,571.38 |

**ADDENDUM A**—Continued

**Ashners' Claimed Damages**

| | |
|---|---|
| Remove excess gravel | $2,800.00 |
| Lost profits | 1,000.00 |
| ¼ Lime Martin Marietta | 318.31 (55.49 tons) (Includes s. tax) |
| ¼ Lime Martin Marietta | 913.85 (159.39 tons) (Includes s. tax) |
| Lime Peace Trucking | 117.78 (25.34 tons) (Includes s. tax) |
| Pea Gravel Peace truck | 1,145.82 (101 tons) (Includes s. tax) |
| Total | $7,037.37 |

**Damages Awarded by Trial Court**

| | |
|---|---|
| Labor | $1,350.00 |
| Pea Gravel | 1,479.50 ($2,959 × 50%) |
| ¼ Lime | 1,437.07 ($2,875 × 50%) |
| | $4,266.57 |

**Court of Appeals Damage Calculation**
**Mr. Wilson**

| | |
|---|---|
| Labor | $1,350.00 |
| Lime Rock & Pea Gravel | 2,418.66 |
| Total | $3,768.66 |

(To fill the arena with 6 inches of pea rock and 6 inches of lime rock cost $7,128.95. Contract amount = 50% of this, 3 inches and 3 inches. Therefore, $3,564.48 = contract amount of pea gravel and lime rock. Ashners paid for $1,145.82 of the contract amount. $3,564.48 − 1,145.82 = $2,418.66 (amount Mr. Wilson is owed)).

**The Ashners**

| | |
|---|---|
| Removal of excess gravel | $2,800.00 |
| Martin Marietta Bill | 924.12 |
| Total | $3,724.12 |

(Marietta Bill of $1,232.16 was for eight loads and the Ashners admitted they authorized two of the eight loads or $25%. Therefore, 75% was unauthorized and $924.12 [75% × $1,232.16 = $924.12] is the amount of damages).